IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK S. CONNELLY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 11-851
)
THE STEEL VALLEY )
SCHOOL DISTRICT, )
)
    Defendant. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.
                              October 20, 2011

      This is a civil rights action. Plaintiff, Patrick Connelly ("Mr. Connelly"), alleges that, by failing to fully credit his out-of-state teaching experience for purposes of setting his salary, defendant, The Steel Valley School District ("Steel Valley"), violated his right to interstate travel under the Privileges or Immunities clause of the Fourteenth Amendment to the U.S. Constitution, and deprived him of his Fourteenth Amendment right to equal protection of the law.

      Steel Valley moves to dismiss for failure to state a claim, arguing that: (1) the claims are time-barred; and (2) the complaint fails to state a claim on the merits because the allegedly discriminatory classification does not plausibly burden Mr. Connelly's right to interstate travel.

      For the following reasons, the motion to dismiss will be granted.

I. BACKGROUND

The following facts are as presented by Mr. Connelly in his complaint. Because Steel Valley has filed a Rule 12(b)(6) motion to dismiss, the court accepts these allegations as true for the purpose of deciding the motion.

In 2006, Mr. Connelly was hired to teach sixth grade in the Steel Valley School District. He continued to teach with Steel Valley through June 2011. Prior to being hired by Steel Valley, Mr. Connelly taught for nine years in Maryland public schools. Mr. Connelly is certified to teach in both Pennsylvania and Maryland.

Steel Valley sets teacher salaries using a system that takes into account both the teacher's educational background and teaching experience. At the time he was hired by Steel Valley, Mr. Connelly had nine years of teaching experience. In determining his starting salary, however, Mr. Connelly was credited with only one year of experience because he acquired his prior teaching experience exclusively outside the Commonwealth of Pennsylvania.

As a result of this decision, Mr. Connelly's 2006 starting salary was $38,023. Had he been given full credit for his years teaching in Maryland, his starting salary would have been $49,476. This discrepancy persisted throughout Mr. Connelly's time teaching in the Steel Valley School District. For the 2010-11 academic year, Mr. Connelly earned $43,335, while he would have been paid $65,854 had he been given full credit for his Marlyand

teaching experience.

II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the facts alleged allow the court to draw the reasonable inference that the opposing party may be liable for the misconduct alleged. Id. at 1949. The court, however, is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), the following rules apply. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. The court may not dismiss a claim merely because it appears unlikely or improbable that the non-moving party can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, the court will assess whether the facts alleged raise a reasonable expectation that discovery will reveal evidence

of the necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if the claimant alleges facts that could, if established at trial, entitle him to relief. Id. at 563 n.8.

III. DISCUSSION

The pending motion to dismiss presents two overarching issues: (1) whether the applicable statute of limitations bars Mr. Connelly's claims; and (2) whether the complaint states a cognizable Fourteenth Amendment claim. We find that Mr. Connelly brings a timely claim, but does not state a cognizable Fourteenth Amendment claim because the classification alleged is based on location of teaching experience, not residency.

A. Statute of Limitations

Steel Valley argues that both claims are barred by the statute of limitations. Section 1983 does not contain a statute of limitations, so the two-year limitations period for personal injury claims in Pennsylvania applies. Sameric Corp. of Delaware, Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998) (citing 42 Pa. Cons. Stat. Ann. § 5524). "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Id. The statute of limitations is typically presented as an affirmative defense, but may also be raised in a motion to dismiss. Robinson v. Johnson, 313 F.3d 128, 135 n.3 (3d Cir. 2002) (collecting cases). Dismissal is warranted

where it is apparent on the face of the complaint that the claims are time-barred. West Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 105 n.13 (3d Cir. 2010).

The complaint states that Mr. Connelly was initially harmed by Steel Valley's 2006 decision to deny him full credit for his prior teaching experience when it set his salary. Steel Valley argues that Mr. Connelly's claims accrued at this time, and thus the claims are time-barred because the statute of limitations ran in 2008. Mr. Connelly counters this argument by relying on the paycheck accrual rule, which provides that each paycheck affected by a discriminatory act gives rise to a new cause of action. Because the paycheck accrual rule applies to section 1983 actions, Mr. Connelly has stated a claim based on the paychecks he received within two years of filing his complaint.

The Supreme Court put an apparent end to use of the paycheck accrual rule in discriminatory compensation claims with its opinion in Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618 (2007). There, the Court held that a paycheck issued within the limitations period is not separately actionable simply because it "gives some effect to" a past discriminatory act. Id. at 632. Congress rejected this reasoning, and revived the paycheck accrual rule by passing the Lily Ledbetter Fair Pay Act of 2009 ("FPA"), Pub. L. No. 111-2. The FPA expressly overturned Ledbetter. Id. at § 2(1)-(2).

There is discord, however, among the courts that have addressed the effect of the Ledbetter decision and enactment of the FPA on the statute of limitations for claims brought under section 1983. As Steel Valley points out, the FPA expressly amends Title VII and the Age Discrimination in Employment Act, and modifies the Americans with Disabilities Act, but it is silent with respect to section 1983. In Russell v. County of Nassau, the U.S. District Court for the Eastern District of New York concluded that, because of this silence, the Supreme Court's analysis in Ledbetter continues to control section 1983 discriminatory payment claims, and thus the paycheck accrual rule does not apply in this context. 696 F. Supp. 2d 213, 230 (E.D.N.Y. 2010).

In Groesch v. City of Springfield, however, the U.S. Court of Appeals for the Seventh Circuit reached the opposite conclusion. 635 F.3d 1020, 1027 (7th Cir. 2011). The court reasoned that the FPA "remov[ed] the Ledbetter decision as an obstacle to following our earlier precedents, which recognized the paycheck accrual rule for all allegations of unlawful discrimination in employee compensation." Id. at 1028. This approach is more persuasive than the Russell court's strict separation of Title VII and section 1983 statute of limitations analysis.

The U.S. Court of Appeals for the Third Circuit's pre-Ledbetter precedent is consistent with the precedent on which the Groesch court relied. Both courts of appeals recognize that the

Supreme Court's decision in Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), controls the statute of limitations analysis in section 1983 cases. O'Connor v. City of Newark, 440 F.3d 125, 128 (3d Cir. 2006) (citing Hildebrandt v. Ill. Dep't of Natural Res., 347 F.3d 1014, 1036 (7th Cir. 2003). Under Morgan, "discrete" discriminatory acts within the limitations period give rise to a claim, but these timely acts cannot revive untimely claims, even if they are related factually. 536 U.S. at 113. O'Connor demonstrates that this statute of limitations analysis applies consistently in employment discrimination cases, regardless of whether they are brought under Title VII or section 1983.

After the FPA, the Court of Appeals returned to applying the paycheck accrual rule in Title VII actions, considering paychecks arising from an allegedly discriminatory employment decision discrete, actionable acts. Mikula v. Allegheny County of Pa., 583 F.3d 181, 186 (3d Cir. 2009). Because the Court of Appeals has historically treated Title VII and section 1983 actions uniformly, the paycheck accrual rule applies in this case.

Accordingly, Mr. Connelly is eligible to recover damages for discriminatory paychecks received from June 28, 2009 – two years prior to the filing of the complaint in this case - to the end of Mr. Connelly's employment with Steel Valley in 2011. See Groesch, 635 F.3d at 1026 ("paychecks reflecting a past discriminatory compensation practice create fresh causes of

action"). Mr. Connelly's complaint indicates that he received discriminatory paychecks within the statute of limitations period, as he alleges that his pay during the 2010-11 academic year was diminished by $22,519 because of the initial classification of his out-of-state teaching experience. [Doc. No. 1 at 2.] Mr. Connelly's claims based on discriminatory compensation are therefore timely.

Having resolved this threshold issue, the court will now address whether Mr. Connelly has stated a cognizable Fourteenth Amendment claim for discriminatory compensation based on his right to interstate travel.

B. Failure to State a Claim on the Merits

Steel Valley moves to dismiss the entire complaint for failure to state a claim because Mr. Connelly does not allege that, as a new resident of Pennsylvania, he is treated differently than similarly situated longer term residents. Mr. Connelly contends that the disparate treatment of Maryland and Pennsylvania teaching experience in determining compensation unconstitutionally burdens the right to interstate travel.

In order to state a claim under section 1983, Mr. Connelly must allege facts that would give rise to a plausible inference that "the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Mr. Connelly alleges that Steel Valley, a public school district acting under

color of state law, deprived him of the right to interstate travel protected by the Privileges or Immunities and Equal Protection clauses of the Fourteenth Amendment.[1]

The complaint contains separate counts for Mr. Connelly's claims under the Equal Protection clause and the Privileges or Immunities clause. [Doc. No. 1 at 3-4.] Although there are multiple constitutional sources of protection for the right to interstate travel, both claims are amenable to equal protection analysis because the Privileges or Immunities and the Equal Protection clauses protect the same underlying right, and because "the right to travel achieves its most forceful expression in the context of equal protection analysis." Zobel v. Williams, 457 U.S. 55, 67 (1982).[2]

1. Equal Protection Analysis

Mr. Connelly alleges that Steel Valley set his salary based on a classification that valued in-state teaching experience over out-of-state experience. The establishment of a classification, however, is not "per se unconstitutional or automatically subject to heightened judicial scrutiny." Maldonado

---

[1] There is no dispute that Steel Valley is a state actor under section 1983.

[2] Chief Justice Burger likewise noted in Zobel: "In reality, the right to travel analysis refers to little more than a particular application of equal protection analysis. Right to travel cases have examined, in equal protection terms, state distinctions between newcomers and longer term residents." 457 U.S. at 60, n.6.

v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1998). A classification that "neither burdens a fundamental right nor targets a suspect class, [will be upheld] so long as it bears a rational relation to some legitimate end." Id. However, "a classification [that] trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage . . . must meet the strict scrutiny standard, under which a law must be narrowly tailored to further a compelling government interest." Schumacher v. Nix, 965 F.2d 1262, 1266 (3d Cir. 1992)(internal quotation omitted).

   a. <u>Determining the Applicable Standard of Review</u>

The court must now determine whether rational basis review or strict scrutiny applies. Because the complaint contains no allegations that could plausibly support an inference that the classification affects a protected class, strict scrutiny will apply only if the classification burdens a fundamental right. Although the right to interstate travel is fundamental, the allegations in this case do not support a plausible inference that it has been burdened, because the classification alleged is not drawn on the basis of state citizenship or residency. Therefore, rational basis review applies.

"[F]reedom to travel throughout the United States has long been recognized as a basic right under the Constitution." U.S. v. Guest, 383 U.S. 745, 758 (1966). The right to interstate

travel is a fundamental right, and state action that burdens it has, in many cases, drawn strict scrutiny. Maldonado, 157 F.3d at 185. Though not expressly stated in any constitutional provision, the "right to travel" has at least three aspects: "the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." Saenz v. Roe, 526 U.S. 489, 500 (1999). The court agrees with the parties' view that the complaint implicates only the third aspect of the right to travel.

Accordingly, the core question in determining the applicable standard of review is whether Mr. Connelly has adequately alleged that Steel Valley's conduct penalized the exercise of his fundamental right to be treated like other Pennsylvania citizens. Saenz, 526 U.S. at 499 ("[A] classification that ha[s] the effect of imposing a penalty on the exercise of the right to travel" violates the Equal Protection clause unless it passes strict scrutiny); Attorney Gen. of New York v. Soto-Lopez, 476 U.S. 898, 903 (1986) ("A state law implicates the right to travel when it . . . uses any classification which serves to penalize the exercise of that right.") (internal quotation omitted).

The right to interstate travel is penalized where a

fundamental benefit provided by the state is conditioned on the duration of a citizen's residence in the state. Schumacher, 965 F.2d at 1267 (noting role of distinction in residency status); Hawaii Boating Ass'n v. Water Transp. Facilities Div., Dep't of Transp., State of Hawaii, 651 F.2d 661, 665 (9th Cir. 1981)(noting strict scrutiny applied to cases involving "genuinely significant deprivation"). In a line of cases from Shapiro v. Thompson, 394 U.S. 618 (1969) to Saenz, the Supreme Court has applied strict scrutiny to durational residency requirements on the attainment of benefits like welfare, free non-emergency medical care, and the right to vote. See Shapiro, 394 U.S. 618 (welfare benefits); Dunn v. Blumstein, 405 U.S. 330 (1972) (right to vote); Mem'l Hosp. v. Maricopa County, 415 U.S. 250 (1974) (non-emergency medical care); Saenz, 526 U.S. 489 (Temporary Assistance to Needy Families benefits).

Relying on many of these cases, the court in Schumacher, rejected strict scrutiny and applied rational basis review to a Pennsylvania bar admission rule that barred graduates of unaccredited law schools from sitting for the Pennsylvania bar examination unless they had practiced law for more than five years in a state with a reciprocal bar admission policy. 965 F.2d at 1264. The court reasoned that rational basis review was appropriate because, unlike the laws at issue in the Shapiro line of cases, the rule at issue in Schumacher "neither conditions the receipt of in-

state benefits on residency nor classifies applicants on the basis of residency." Id. at 1267. The same reasoning applies here.

The facts alleged in Mr. Connelly's complaint do not permit a plausible inference that his right to interstate travel has been penalized. Mr. Connelly is not being treated differently than longer term residents of Pennsylvania. The classification alleged is drawn on the location of teaching experience, not residency. There are no allegations suggesting that longer term Pennsylvania residents, who have taught out-of-state at some point in their career, are given full credit for their out-of-state teaching experience.

For example, as Steel Valley points out, a teacher who resides in Pennsylvania but teaches in a neighboring state would be subject to the same classification of teaching experience as Mr. Connelly, should she decide to seek employment with Steel Valley. [Doc. No. 11 at 10, n.5]. The complaint provides no grounds on which to plausibly infer that Steel Valley does not treat all out-of-state teaching experience the same, regardless of the teacher's past state citizenship. Furthermore, the benefit at stake here, a higher salary, is not significant enough to warrant the strict scrutiny applied in cases involving basic necessities like welfare and medical care.

Mr. Connelly contends that strict scrutiny applies because the different classification of Maryland and Pennsylvania

teaching experience is alone sufficient to draw strict scrutiny. Doc. No. 14 at 5-6(citing Saenz, 526 U.S. at 505). But the Court in Saenz states that the "right to travel embraces the citizen's right to be treated equally in her new State of residence[.]" 526 U.S. at 505. Because the allegedly discriminatory classification in this case treats new and old residents equally, and only treats different teaching backgrounds differently, it is not the type of classification that is itself a penalty on the right to interstate travel.

Mr. Connelly also argues for strict scrutiny on the grounds that the Privileges or Immunities clause, as interpreted by the Supreme Court in Saenz, broadens the scope of the right to interstate travel because it premises the right on a plaintiff's national citizenship rather than state citizenship. [Doc. No. 14 at 11]. In Saenz, the Court identified the Privileges or Immunities clause as a source of the right to interstate travel, and observed that the combination of national citizenship rights conferred by the Fourteenth Amendment, "adds special force to [newly arrived citizens'] claim that they have the same rights as others who share their citizenship." 526 U.S. at 504. Because of this added force, the Court confirmed that strict scrutiny should apply to rules "that discriminate[] against some [of a state's] citizens" because of the length of their residency in the state. Id. This shows that, despite the invocation of the Privileges or Immunities clause, the

fundamental analysis of an interstate travel claim is the same.

Reliance on the Privileges or Immunities clause is thus of no help to Mr. Connelly because, as discussed above, the complaint contains no allegations suggesting that his rights are not equal to those of longer term Pennsylvania citizens.

Mr. Connelly also relies on <u>Erisman v. Chartiers Valley Sch. Dist.</u>, Civ. No. 00-1102 (W.D.Pa. 2001) to support his contention that the classification at issue here is subject to strict scrutiny. Mr. Connelly accurately points out that the facts of <u>Erisman</u> are nearly identical to the facts of this case. There, the plaintiff was also hired by a school district in western Pennsylvania, and that plaintiff was also given credit for only a fraction of her prior teaching experience because it was acquired in Maryland, rather than Pennsylvania.

The court concluded that the classification impermissibly burdened the right to interstate travel because "[t]he policy would clearly cause greater injury to those who reside out of state and who intend to make Pennsylvania their new place of residence." [Mem. Op. Doc. No. 14-1 at 8.] But this is not sufficient to form the basis of a right to interstate travel claim because the right "is not implicated merely because the burden of a state policy falls disproportionately on recent migrants." <u>Karan v. Adams</u>, 807 F. Supp. 900, 906 (D.Conn. 1982). Indeed, the <u>Erisman</u> opinion illustrates that new Pennsylvania residents are treated no

15

differently than longer term residents. The court noted that longer term Pennsylvania teachers' right to interstate travel "is just as surely impaired by this policy as is the citizen of another State selecting to come to Pennsylvania for the first time." [Mem. Op. Doc. No. 14-1 at 8-9.] But the essence of a claim under the third aspect of the right to travel is disparate treatment of short term and longer term state residents. Where, as here, there is no allegation of such disparate treatment, the right to travel is not burdened.

### b. Applying the Rational Basis Test

Because Mr. Connelly's allegations cannot support an inference that he was penalized for exercising his right to interstate travel, the classification at issue does not implicate a fundamental right. Accordingly, Steel Valley's decision to provide less than full credit for out-of-state teaching experience in determining Mr. Connelly's salary is subject to rational basis review. See Ramsgate Court Townhome Ass'n v. West Chester Borough, 313 F.3d 157, 160 (3d Cir. 2002) (affirming dismissal of equal protection claim based on application of rational basis review).

It is not plausible, based on the facts alleged in the complaint, that the decision to give less than full credit for out-of-state teaching experience is not rationally related to a legitimate state interest. The complaint contains no allegations regarding the basis for the classification of different types of

teaching experience in this case, but this court is "free to consider any conceivable" purpose "so long as it reasonably could have been entertained" by Steel Valley. Id. One reasonable purpose for the decision to place a higher value on in-state teaching experience is familiarity with the Pennsylvania Department of Education's policies, procedures, and regulations. The state has a legitimate interest in rewarding such experience because it promotes efficiency in the education system. Thus, determining compensation based on relevant experience is a rational means of achieving the goal of a more efficient and effective public education system.

The complaint will be dismissed because it fails to allege disparate treatment based on citizenship, and because Steel Valley's classification of teaching experience cannot plausibly fail rational basis review based on the facts alleged.

The complaint will be dismissed with prejudice because amendment would be futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Amendment would be futile here because Mr. Connelly has already alleged that the classification in this case was drawn based on location of teaching experience, not based on residency or other grounds that would draw strict scrutiny.

IV. CONCLUSION

For the foregoing reasons, Steel Valley's motion to dismiss will be granted. The complaint will be dismissed in its entirety with prejudice. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK S. CONNELLY,            )
                                )
        Plaintiff,               )
                                )
    v.                           )   Civil Action No. 11-851
                                )
THE STEEL VALLEY                )
SCHOOL DISTRICT,                )
                                )
        Defendant.               )

ORDER

AND NOW, this 20th day of October, 2011, IT IS HEREBY ORDERED that defendant's motion to dismiss [Doc. No. 10] is GRANTED.

Accordingly, IT IS HEREBY ORDERED that the above-captioned matter is dismissed WITH PREJUDICE.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record